EMPLOYMENT LAWYERS GROUP
KARL GERBER, SBN: 166003
ERIC PALMER, SBN: 231207
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone:  (818) 783 7300
Facsimile:   (818) 995 7159

COPY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 0 5 2016

E. Toledo

Attorneys for Plaintiff
ERICA SANTOS

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

ERICA SANTOS,

      Plaintiff,

  vs.

SMX, LLC; DOES 1 through 100 inclusive,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. RIC   1 6 0 8 6 3 4

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:**

1. **PREGNANCY AND SEX DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;**
2. **DISCRIMINATION IN VIOLATION OF ARTICLE I, SECTION 8 OF THE CALIFORNIA CONSTITUTION;**
3. **VIOLATION OF LABOR CODE SECTION 1102.5;**
4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and**
5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff, ERICA SANTOS, complains and alleges as follows:

1

COMPLAINT

## GENERAL ALLEGATIONS

### (AGAINST ALL DEFENDANTS)

1.    Plaintiff, ERICA SANTOS ("Plaintiff"), is a female resident of the County of Riverside, State of California.

2.    At all times herein mentioned Plaintiff is informed and believes that Defendant, SMX, LLC, is and was a limited liability corporation doing business at 24208 SAN MICHELE ROAD, MORENO VALLEY, CALIFORNIA 92551 and employed Plaintiff and at least five (5) or more full time employees within the County of Riverside, State of California.

3.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants, numbers 1 through 100 reside within the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4.    The corporate Defendant operates as an employee staffing agency for Amazon.com. In or about April 2015, the named corporate Defendant hired Plaintiff to work as a product sorter a its distribution center in Perris, California. Plaintiff earned an hourly rate of pay.

5.    In or about January 2016, Plaintiff learned she was pregnant. On or about February 2, 2016, Plaintiff began bleeding at work. She consulted her medical provider, who diagnosed the condition as pregnancy "spotting". The provider imposed the following light duty restrictions through November 14, 2016: (1) No heavy lifting of more than 20 pounds, (2) No bending, stooping, crawling, or prolonged standing. Plaintiff's doctor also took her off of work for 15 days. Plaintiff provided her doctor's note to her employer's human resources office prior to her 15 day leave.

6.    When Plaintiff returned to work in mid-February 2016, she was told by her supervisor that she could only work without restrictions. Plaintiff requested the accommodation of

2

performing clerical and secretarial work as a form of light duty, but was refused.  Defendant
then terminated Plaintiff's employment effective February 4, 2016, and unlawfully refused to
consider any form of accommodation.

7.      Plaintiff alleges that the named Defendant terminated her employment in violation of
fundamental public policies, extending protections to employees who are pregnant and/or
disabled.  The public policies violated included California's Fair Employment and Housing Act
(the "FEHA") and the California Constitution.

8.      Plaintiff alleges that if she had not been pregnant, had not required time off from work
due to health complications with her pregnancy, and had not requested reasonable
accommodation in the form of light duty, she would not have been terminated.  Therefore, the
Defendant unlawfully discriminated against Plaintiff on the basis of her sex, pregnancy, and
physical disability, all in violation of the FEHA and the California Constitution.

9.      Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that
information and belief alleges that at all times herein mentioned, each of the remaining
codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and
under the authority of their agency, employment, or representative capacity, with the consent
of her/his codefendants.

10.     All of the foregoing and following actions taken towards Plaintiff that are alleged in this
complaint were carried out by Defendants' corporate officers, directors, and/or managing
employees and/or agents of each other acting in a deliberate, cold, callous, malicious,
oppressive, and intentional manner in order to injure and damage Plaintiff.

\\
\\

3

COMPLAINT

## FIRST CAUSE OF ACTION
## PREGNANCY AND SEX DISCRIMINATION IN VIOLATION OF
## THE FAIR EMPLOYMENT AND HOUSING ACT
### (Cal. Government Code §§ 12940, 12945, *et seq.*)
### (Against Defendant SMX, LLC And All Doe Defendants)

11.     Plaintiff realleges the information set forth in Paragraphs 1 through 10 of the General Allegations, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

12.     This cause of action is based upon:

      a.  California Government Code § 12940(a), which prohibits employers from terminating and/or discriminating against their employees because of their employee's sex;

      b.  California Government Code § 12940(h), which prohibits supervisors and employers from retaliating against employees, including terminating them, for engaging in statutorily protected conduct under the Fair Employment and Housing Act (the FEHA);

      c.  California Government Code § 12926(r)(1), which provides that sex under the FEHA includes pregnancy, childbirth, or medical conditions related to pregnancy or childbirth;

      d.  California Government Code § 12945, which prohibits employers from terminating and discriminating against their employees because of employee's leave of absence relating to pregnancy, childbirth, or related medical conditions;

      f.  Title 2, California Code of Regulations § 11035, *et seq.* which provides that discrimination because of pregnancy, childbirth, or related medical conditions constitutes sex discrimination under the FEHA.

13.     Plaintiff has exhausted her administrative remedies under the FEHA.  Against Defendant, SMX, LLC, on June 27, 2016, Plaintiff electronically filed with the Department of

COMPLAINT

Fair Employment and Housing (DFEH), charges that Plaintiff was denied accommodation, discriminated against, and terminated due to her pregnancy. A true and correct copy of these charges has been attached to this complaint, made a part hereof, and has been marked as Exhibit "1". On June 27, 2016, the DFEH issued to the Plaintiff a Notice of Case Closure/Right to Sue letter that is attached hereto, made a part hereof, and marked as Exhibit "2".

14.    Plaintiff alleges that the named Defendant to this cause of action violated the statutes set forth in Paragraph 12 above, including Government Code § 12945, when Defendant terminated Plaintiff as follows:

     a.  The named Defendant to this cause of action failed to offer Plaintiff pregnancy disability leave as provided under the FEHA, notwithstanding Plaintiff's health complications;

     b.  The named Defendant to this cause of action failed to honor Plaintiff's light duty restrictions and reasonably accommodate her pregnancy by offering her temporary less physically demanding work, as provided under the California Code of Regulations enforcing the FEHA;

     c.  the named Defendant to this cause of action terminated Plaintiff because she asserted her rights under the FEHA for protected pregnancy leave, time off from work for her pregnancy related medical condition, and for reasonable accommodation due to her pregnancy.

15.    Plaintiff alleges that the named Defendants to this cause of action's conduct, as described in this cause of action was taken toward her because she was a woman. Plaintiff alleges that she would not have been discriminated against and terminated if she were not a woman, were not pregnant, and had not asserted her pregnancy disability rights under the FEHA and Code of Regulations.

COMPLAINT

16.    As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, the Plaintiff has suffered, and continues to suffer economic damages in the form of substantial losses in salary, bonuses, job benefits, and other employment benefits Plaintiff would have received from the named Defendants to this cause of action plus expenses incurred in obtaining substitute employment and not being regularly employed for months, all to Plaintiff's damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

17.    As a direct, foreseeable, and proximate result of the conduct of the Defendant named in this cause of action, Plaintiff has suffered and continues to suffer from non-economic damages in the form of emotional distress and mental anguish, for which she may require medical treatment, all to her damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

18.    The above recited actions of the named Defendant to this cause of action were done with malice, fraud, and/or oppression, and in reckless disregard of the Plaintiff's rights under Government Code §§ 12940, 12945, *et seq.*, and within the ambit of Civil Code § 3294(a). The grossly reckless, and/or intentional, malicious, and bad faith manner in which the named Defendants engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and discriminating against Plaintiff in violation of the law because of her sex and pregnancy, Plaintiff is entitled to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, to deter them from engaging in such conduct again, and to make an example of them to others.

19.    The Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of the named Defendant to this cause of action, described above, was done with oppression and malice by the Defendant's managing agents and was ratified by those other individuals who were corporate officers, directors, and/or managing agents of the named corporate Defendant. These unlawful acts were further ratified by the named Defendant and

6

done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against the named Defendant for their acts as described in this cause of action in a sum to be determined at the time of trial.

20.    The Plaintiff also prays for reasonable costs and attorney's fees against the Defendant named in this cause of action as allowed by California Government Code § 12965(b) for the Plaintiff's prosecution of this action in reference to the time the Plaintiff's attorneys spent pursuing this cause of action.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA CONSTITUTION**

**(Cal. Const. Article I, § 8)**

**(Against Defendant SMX, LLC And All Doe Defendants)**

21.    Plaintiff realleges the information set forth in Paragraphs 1 through 10 of the General Allegations, Paragraphs 11-20 of the First Cause of Action, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

22.    Section 8 of Article I of the California Constitution states: "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex..."

23.    Defendant violated Article I, § 8 of the California Constitution by disqualifying Plaintiff from pursuing her employment because of her sex, because she was pregnant, as follows:

      a.    The named Defendant to this cause of action failed to offer Plaintiff pregnancy disability leave as provided under the FEHA, notwithstanding Plaintiff's health complications;

      b.    The named Defendant to this cause of action failed to honor Plaintiff's light duty restrictions and reasonably accommodate her pregnancy by offering her

7

temporary less physically demanding work, as provided under the California
Code of Regulations enforcing the FEHA;

   c.  the named Defendant to this cause of action terminated Plaintiff because she
asserted her rights under the FEHA for protected pregnancy leave, time off from
work for her pregnancy related medical condition, and for reasonable
accommodation due to her pregnancy.

24.    Plaintiff alleges that the named Defendant's conduct as described in this cause of
action was taken toward her because she was a woman. Plaintiff alleges that she was expected
to give in to and endure the alleged discrimination because she was a woman. Plaintiff alleges
that she would not have been discriminated against and terminated if she were not a woman
and had not been pregnant.

25.    As a direct, foreseeable, and proximate result of the conduct of all Defendants named in
this cause of action, and each of them, the Plaintiff has suffered, and continues to suffer
emotional distress, as well as other financial losses to be ascertained according to proof.

26.    The grossly reckless, and/or intentional, malicious, and bad faith manner in which the
named Defendants engaged in those acts as described in this cause of action by willfully
violating those statutes enumerated in this cause of action and discriminating against the
Plaintiff in violation of the law because of her sex, the Plaintiff is entitled to punitive damages
against said Defendants in an amount within the jurisdiction of this court, to be ascertained by
the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in
such conduct again, and to make an example of them to others.

27.    The Plaintiff is informed, believes, and based thereon, alleges that the outrageous
conduct of said Defendants described above was done with oppression and malice by the
Plaintiff's supervisor and managers and was ratified by those other individuals who were
managing agents of said Defendants. These unlawful acts were further ratified by the named
Defendant and done with a conscious disregard for the Plaintiff's rights and with the intent,
design and purpose of injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to

COMPLAINT

punitive or exemplary damages against the Defendant for their acts as described in this cause of action in a sum to be determined at the time of trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 1102.5

**(Against Defendant SMX, LLC And All Doe Defendants)**

28.    Plaintiff realleges the information set forth in Paragraphs 1 through 10 of the General Allegations, Paragraphs 11-20 of the First Cause of Action, Paragraphs 21-27 of the Second Cause of Action, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

29.    Plaintiff brings this cause of action pursuant to Labor Code § 1102.5(c), because Defendant unlawfully retaliated against the Plaintiff by refusing to accommodate her pregnancy and work restrictions, terminating her employment, and thereby fostering and perpetuating a prohibited work environment in violation of the following statutes:

  a.    Government Code § 12940(a), which prohibits employers from terminating and/or discriminating against their employees because of their employee's sex, pregnancy, medical condition, and/or physical disability, in order to avoid providing the employee the medical leave and reasonable accomodation to which she is legally entitled;

  b.    Government Code § 12940(h), which prohibits supervisors and employers from retaliating against employees, including terminating them, for engaging in statutorily protected conduct under the Fair Employment and Housing Act (the FEHA);

  c.    Government Code §§ 12940(m) and (n), which require an employer to explore the reasonable accommodation of a disabled employee in order to protect the employee's job;

9

COMPLAINT

d.  Government Code § 12926(r)(1), which provides that sex under the FEHA includes pregnancy, childbirth, or medical conditions related to pregnancy or childbirth;

d.  Government Code § 12945, which prohibits employers from terminating and discriminating against their employees because of employee's leave of absence relating to pregnancy, childbirth, or related medical conditions;

f.  Title 2, California Code of Regulations § 11035, *et seq.* which provides that discrimination because of pregnancy, childbirth, or related medical conditions constitutes sex discrimination under Government Code § 12940, *et seq.*

g.  Article I, § 8 of the California Constitution, which prohibits sex and pregnancy discrimination regardless of how many employees an employer has.

i.  Labor Code § 1103, which makes violation of Section 1102.5 a misdemeanor.

30.    As a direct, foreseeable, and proximate result of the actions of the named Defendant as described above, Plaintiff has suffered, and continues to suffer, severe emotional distress and mental anguish, in addition to economic damages in the form of salary, bonuses, job benefits, and other employment benefits she would have received from said Defendant and not being regularly employed for a period of time, all to Plaintiff's damage, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

31.    Plaintiff is informed, believes, and based thereon alleges, that the outrageous conduct of the named Defendant, described above, was done with oppression and malice, was ratified by other individuals who were managing agents of the named Defendant.  These unlawful acts were further ratified by the named Defendant and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant for its acts as described in this cause of action in a sum to be determined at the time of trial.

32.    The grossly reckless and/or intentional, malicious, and bad faith manner in which said

COMPLAINT

Defendant behaved as described in this cause of action by willfully violating those statutes enumerated in Paragraph 29, *supra*, the Plaintiff prays for punitive damages against said named Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish the named Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

33.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said named Defendant described above, in this cause of action, was done with oppression and malice by the Defendant's corporate officers, directors, and managing agents and was thereafter ratified by those other individuals who were managing agents of the named Defendant. These unlawful acts were further ratified by the named Defendant and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against the named Defendant for its acts as described in this cause of action in a sum to be determined at the time of trial.

34.     Plaintiff further prays to recover the $10,000 penalty recoverable pursuant to Labor Code § 1102.5(f) and its enhanced burden of proof.

## FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendant SMX, LLC And All Doe Defendants)

35.     Plaintiff realleges the information set forth in Paragraphs 1 through 10 of the General Allegations, Paragraphs 11-20 of the First Cause of Action, Paragraphs 21-27 of the Second Cause of Action, Paragraphs 28-34 of the Third Cause of Action, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

36.     Under California law, no employee, whether they are an "at will" employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. In recent years, the California Supreme Court has

interpreted a fundamental public policy to be any articulated constitutional or statutory provision that is concerned with a matter affecting society at large, rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

37.    Plaintiff is informed, believes, and based thereon alleges that the named Defendants to this cause of action wrongfully terminated Plaintiff in violation of public policy by discriminating against and terminating Plaintiff because of her sex and pregnancy, , as detailed in Paragraphs 6 through 10 and as recognized under California Government Code Sections 12940, 12945 *et seq.*, by failing to accommodate Plaintiff's request for time off due to her pregnancy and related health complications, by retaliating against Plaintiff for asserting her rights under the FEHA, and by wrongfully terminating her employment. Defendant's conduct described in the above sentence violated the following statutes which affect society at large:

a.    Government Code § 12940(a), which prohibits employers from terminating and/or discriminating against their employees on account of an employee's sex, pregnancy, medical condition, and/or physical or mental disability, in order to avoid providing the employee the medical leave to which she is legally entitled;

b.    Government Code § 12940(h), which prohibits supervisors and employers from retaliating against employees, including terminating them, for engaging in statutorily protected conduct under the Fair Employment and Housing Act (the FEHA);

c.    Government Code §§ 12940(m) and (n), which require an employer to explore the reasonable accommodation of a disabled employee in order to protect the employee's job;

d.    Government Code § 12945, which prohibits employers from terminating and discriminating against their employees because of employee's leave of absence relating to pregnancy, childbirth, or related medical conditions

12

COMPLAINT

e.  Government Code § 12926(r)(1), which provides that sex under the FEHA includes pregnancy, childbirth, or medical conditions related to pregnancy or childbirth;

f.  Title 2, California Code of Regulations § 11035, *et seq.* which provides that discrimination because of pregnancy, childbirth, or related medical conditions constitutes sex discrimination under Government Code § 12940, *et seq.* ;

g.  Article I, § 8 of the California Constitution, which prohibits sex and pregnancy discrimination regardless of how many employees an employer has;

h.  Labor Code § 1102.5(c), which prohibits an employer from subjecting an employee to a statutorily prohibited work environment;

i.  Labor Code § 1103, which makes violation of Section 1102.5 a misdemeanor;

j.  All other state and federal statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated.

38.    As a direct, foreseeable, and proximate result of the actions of the named Defendants as described above, Plaintiff has suffered, and continues to suffer from, severe emotional distress and mental anguish, plus economic damages in the form of losses in salary, bonuses, job benefits, and other employment benefits she would have received from the Defendant and not being regularly employed for a period of time, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

39.    Plaintiff is informed, believes, and based thereon alleges, that the outrageous and despicable conduct of the named Defendants, described above, was done with oppression, and malice, was ratified by other individuals who were managing agents of the named Defendants. These unlawful acts were further ratified by the named Defendants and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

13

40.    The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendants conducted themselves as described in this cause of action by willfully violating those statutes enumerated in Paragraph 37, *supra*, the Plaintiff prays for punitive damages against said named Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish the named Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

41.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous and despicable conduct of the named Defendants described above, in this cause of action, was done with oppression, and malice, by the corporate Defendant's managing agents and was thereafter ratified by those other individuals who were corporate officers, directors, and managing agents of the named Defendants. These unlawful acts were further ratified by the named Defendants and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against the named Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (Against All Named Defendants And All Doe Defendants)

42.    Plaintiff realleges the information set forth in Paragraphs 1 through 10 of the General Allegations, Paragraphs 11-20 of the First Cause of Action, Paragraphs 21-27 of the Second Cause of Action, Paragraphs 28-34 of the Third Cause of Action, Paragraphs 35-41 of the Fourth Cause of Action, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

43.    The named Defendants' conduct of discriminating against Plaintiff on the basis of her sex and pregnancy, and then wrongfully terminating Plaintiff in violation of public policy based on her need for FEHA protected accommodations, as described in the First through

Fourth Causes of Action herein, has caused Plaintiff to suffer from severe emotional distress and mental anguish. The aforesaid acts were done with the intent of causing Plaintiff to suffer severe emotional distress and did cause Plaintiff to suffer extreme and severe mental anguish and emotional distress.

44.    In doing the acts herein alleged, in all parts of this complaint beginning in Paragraph 6, the named Defendants acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to the Plaintiff including retaliating against the Plaintiff and terminating her employment.

45.    The named Defendant's actions as alleged in this cause of action, directly and proximately resulted in the Plaintiff suffering and continuing to suffer, extreme emotional distress and severe mental anguish in the form of humiliation, stress, anxiety, embarrassment, nervousness, tension, depression, loss of self confidence and self-esteem, and causing the Plaintiff to incur future medical bills, all to the Plaintiff's detriment in a sum within the jurisdiction of this Court, to be ascertained according to proof.

46.    As a direct, foreseeable, and proximate result of the named Defendants' actions, and each of their actions alleged in this cause of action, the Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits she would have received had said Defendants' actions not caused her such emotional suffering and grief, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

47.    As a direct, foreseeable, and proximate result of the Defendants' actions, as alleged in this cause of action, which were intentional, malicious, despicable, and oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard the Plaintiff's rights by taking the actions alleged in this cause of action, the Plaintiff prays for punitive damages against said Defendants in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said

15

Defendants, deter future conduct by said Defendants and others behaving like it, and to make an example of said Defendants.

48.    The conduct of the named Defendants described hereinabove and in the First through Fourth Causes of Action was outrageous and was done with malice, fraud and oppression and with conscious disregard for Plaintiff's civil rights and with the intent, design and purpose of injuring Plaintiff.  The named Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described hereinabove. By reason thereof, Plaintiff is entitled to an award of punitive damages and/or exemplary in an amount according to proof at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief, to be determined by a jury, as follows:

For All Causes of Action Plaintiff Prays for the Following:

1.    For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this Court;

2.    For all costs and disbursements incurred in this suit;

3.    For all interest as allowed by law

4.    For such other and further relief as the Court deems just and proper;

5.    For special damages, in an amount according to proof, but in the excess of the minimum jurisdiction of this Court, in order to compensate the Plaintiff for her economic damages including the loss of past and future earnings, and all damages flowing from the Plaintiff's loss of employment, loss of job security and benefits, failure to properly advance within Plaintiff's career, and damage to Plaintiff's professional reputation;

6.    For special damages, in an amount according to proof, but in the excess of the minimum jurisdiction of this Court, in order to compensate the Plaintiff for her non-economic damages including emotional distress, mental anguish, and any related medical treatment;

16

COMPLAINT

7.     For punitive and/or exemplary damages, as allowed by law, in an amount to be ascertained according to proof, that will sufficiently punish Defendants, make an example of them, and deter similar future conduct.

<u>As to the First Cause of Action:</u>

8.     For reasonable attorney's fees and costs, as allowed by law, under the California Fair Employment and Housing Act (FEHA), for the time that the Plaintiff's attorneys spend pursuing these causes of action against the Defendant named in those causes of action.  Cal. Govt. Code § 12965(b).

9.     For all equitable relief allowed pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

<u>As to the Third Cause of Action:</u>

12.    For the up to $10,000 penalty recoverable pursuant to Labor Code § 1102.5(f) and its enhanced burden of proof.

DATED: June 29, 2016                        EMPLOYMENT LAWYERS GROUP

                                           By: _____
                                               Karl Gerber
                                               Eric Palmer
                                               Attorneys for Plaintiff,
                                               ERICA SANTOS

17

COMPLAINT

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

June 27, 2016

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 51042-235771
Right to Sue: Santos / SMX, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Erica Santos, Complainant.
702 Clearwater Drive 13418 Ventura Boulevard
Perris, California 92571

vs.

SMX, LLC, Respondent.
24208 San Michelle Road
Moreno Valley, California 92551

DFEH No. 51042-235771

Complainant alleges:

1. Respondent **SMX, LLC** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **February 04, 2016,** complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a work environment free of discrimination and/or retaliation, Denied pregnancy leave, Denied reasonable accommodation, Terminated,** . Complainant believes respondent committed these actions because of their: **Engagement in Protected Activity, Sex - Gender, Sex - Pregnancy** .

3. Complainant **Erica Santos** resides in the City of **Perris,** State of California. If complaint includes co-respondents please see below.

-5-

*Complaint – DFEH No. 51042-235771*

Date Filed: June 27, 2016

**Additional Complaint Details:**

Plaintiff became pregnant and requested Defendant accommodate her light duty restrictions imposed by her doctor.  The employer refused to accommodate Plaintiff's restrictions and terminated her employment in violation of public policies protecting pregnant women.

-6-

*Complaint – DFEH No. 51042-235771*

Date Filed: June 27, 2016

1

## VERIFICATION

2   I, **Eric J. Palmer, Esq.**, am the Attorney for Complainant in the above-entitled complaint.   I have read the
    foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those
3   matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4   On June 27, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing
    is true and correct.

5
                                                                                        **Sherman Oaks, CA**
6                                                                                       **Eric J. Palmer, Esq.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-7-
*Complaint – DFEH No. 51042-235771*

Date Filed: June 27, 2016

# EXHIBIT 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    · DIRECTOR KEVIN KISI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov



June 27, 2016

Erica Santos
702 Clearwater Drive 13418 Ventura Boulevard
Perris, California 92571

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 51042-235771
Right to Sue: Santos / SMX, LLC

Dear Erica Santos,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective June 27, 2016 because an immediate Right
to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

Enclosures

cc:



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov


NOTICE OF DEPARTMENT ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)


SANTOS VS SMX LLC

CASE NO. RIC1608634

This case is assigned to the Honorable Judge John D. Molloy in Department 03 for all purposes.

The  Case Management Conference is scheduled for 01/04/17 at  8:30 in
Department  03.


The  plaintiff/cross-complainant  shall  serve  a  copy  of  this  notice  on  all  defendants/cross-defendants  who are  named  or  added  to  the  complaint  and  file  proof  of  service.

Any disqualification pursuant to CCP section 170.6 shall be filed  in accordance with that section.

Requests  for  accommodations  can  be  made  by  submitting  Judicial  Council  form  MC-410 no  fewer  than five court days before the hearing. See California Rules of Court, rule 1.100.


### CERTIFICATE OF MAILING

I certify that I am  currently  employed  by  the  Superior  Court  of  California,  County  of  Riverside,  and  that  I am  not  a  party  to  this  action  or  proceeding.    In  my  capacity,  I  am  familiar  with  the  practices  and procedures  used  in  connection  with  the  mailing  of  correspondence.    Such  correspondence  is  deposited in  the  outgoing  mail  of  the  Superior  Court.    Outgoing  mail  is  delivered  to  and  mailed  by  the  United  States Postal  Service,  postage  prepaid,  the  same  day  in  the  ordinary  course  of  business.    I  certify  that  I  served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.


Court Executive Officer/Clerk

Date: 07/12/16                           by: _____

,ERIC TOLEDO Deputy Clerk


COACMC
1/28/14



 CT Corporation



**Service of Process Transmittal**
07/20/2016
CT Log Number 529535688

**TO:**  Jennifer Ellis
TrueBlue, Inc.
1015 A Street
Tacoma, WA 98402-

**RE:**  **Process Served in California**

**FOR:**  SMX, LLC  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ERICA SANTOS, Pltf. vs. SMX, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Sheet(s), Instruction(s), Certificate(s), Complaint and Demand for Jury Trial, Exhibit(s) |
| **COURT/AGENCY:** | Riverside County - Superior Court - Riverside, CA<br>Case # RIC1608634 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/04/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/20/2016 at 14:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Eric Palmer<br>Employment Lawyers Group<br>13418 Ventura Boulevard<br>Sherman Oaks, CA 91423<br>(818) 783 7300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/21/2016, Expected Purge Date: 07/26/2016<br><br>Image SOP<br><br>Email Notification,  Jennifer Ellis  JEllis1@trueblue.com<br><br>Email Notification,  Danielle Covarrubias  DCOVARRUBIAS@LABORREADY.COM<br><br>Email Notification,  Joanna Monroe  jmonroe@laborready.com<br><br>Email Notification,  Garrett Ferencz  gferencz@trueblue.com<br><br>Email Notification,  Pam Gamboa  PGAMBOA@trueblueinc.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| KARL GERBER, SBN: 166003; ERIC PALMER, SBN: 231207<br>EMPLOYMENT LAWYERS GROUP<br>13418 VENTURA BLVD.<br>SHERMAN OAKS CA 91423 | COPY |

TELEPHONE NO.:  FAX NO.:

ATTORNEY FOR *(Name):* ERICA SANTOS, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 4050 MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE 92501
BRANCH NAME: RIVERSIDE COUNTY SUPERIOR COURT

CASE NAME:
SANTOS V. SMX, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RIC 1608634<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify):* FIVE (5)

5. This case [ ] is  [✓] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/29/2016
ERIC PALMER, ESQ.
_____        ▶        _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**




SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>KARL GERBER, SBN: 166003; ERIC PALMER, SBN: 231207<br>EMPLOYMENT LAWYERS GROUP<br>13418 VENTURA BLVD.<br>SHERMAN OAKS CA 91423<br>TELEPHONE NO: 818-783-7300    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: ERICA SANTOS, Plaintiff | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>JUL 0 5 2016<br><br>E. Toledo |
|---|---|
| PLAINTIFF/PETITIONER: ERICA SANTOS | |
| DEFENDANT/RESPONDENT: SMX, LLC | CASE NUMBER:<br>RIC  1 6 0 8 6 3 4 |

COPY

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of:    92551 _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   6/29/2016 _____

ERIC PALMER, ESQ.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►        _____ (SIGNATURE)