| Case No. | CV 17-0866 PSG (DTBx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Santos v. SMX, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's Motion to Remand

Before the Court is Plaintiff Erica Santos's motion for remand. Dkt. # 17. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court GRANTS Plaintiff's motion.

I.  Background

Plaintiff Santos filed the Complaint in this case in state court on July 5, 2016. *Complaint* ("*Compl.*"), Dkt. # 1-2. The Complaint asserted five causes of action for (1) pregnancy and sex discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) discrimination in violation of Article 1, Section 8 of the California Constitution; (3) violation of California Labor Code section 1102.5; (4) wrongful termination in violation of public policy; and (5) intentional infliction of emotional distress. *See generally id.* The Complaint does not allege an amount in controversy. *See id.* (Prayer for Relief).

While in state court, Plaintiff gave Defendant at least four indications of the amount in controversy. *See Mot.* 3:10–4:21. First, the Complaint itself, served on Defendant on August 1, 2016, provided some indication that the amount in controversy might be substantial, given that it sought emotional distress damages and Labor Code penalties, as well as punitive damages. Second, on December 20, 2016, Plaintiff filed a Case Management Statement that labeled the case as a "nonexempt unlimited case." *See Khachoyan Decl.*, Dkt. # 17-3, ¶ 7, Ex. 3. By not checking the box on the Case Management Statement for "mandatory judicial arbitration," which is only required for cases valued at less than $50,000, Plaintiff indicated, albeit indirectly, that the amount in controversy exceeds $50,000. *Id.* Third, on January 13, 2017, Plaintiff's attorney, Eric Palmer, emailed Defendant's counsel indicating Plaintiff's willingness to stipulate to an amount in controversy of less than $75,000 if Defendant would agree to keep the case in state court. *Id.*, Ex. 4. Fourth, on February 7, 2017, Plaintiff responded to Defendant's Request for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0866 PSG (DTBx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Santos v. SMX, LLC | | |

Admissions and admitted that the amount in controversy exceeded $75,000. *Id.*, Ex. 5, 3:19–21. Plaintiff verified the discovery responses on April 4, 2017. *Id.* ¶ 13.

Defendant removed the case to federal court on May 3, 2017. *See Notice of Removal* ("*NOR*"), Dkt. # 1. In the NOR, Defendant used the date that Plaintiff verified the discovery responses (April 4, 2017) as the date that it first had notice of the removability of the case. *NOR* ¶¶ 14–16.

On May 25, 2017, the Court issued an order to show cause ("OSC") that expressed doubts about the timeliness of removal. *See* Dkt. # 16. Because Plaintiff had affirmed an amount in controversy in excess of $75,000 at least as early as the February 7, 2017 unverified discovery responses, the Court was convinced that Defendant had notice of removability before April 7, 2017, and that removal was not timely. *Id.* Because of this procedural defect, the Court instructed Plaintiff to move to remand by June 2, 2017 or risk waiving the procedural defect. *Id.* Plaintiff then filed this timely motion to remand. Dkt. # 17.

II.     Legal Standard

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b), the defendant must remove the case from state court during one of two thirty-day time limits. *See* 28 U.S.C. § 1446(b). The first thirty-day limit requires the defendant to remove within thirty days after receiving a complaint that is removable on its face. *Id.* § 1446(b)(1). Alternatively, if the complaint is not removable on its face, the second thirty-day limit requires the defendant to remove within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable." *Id.* § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

In the Ninth Circuit, the term "other paper" has been interpreted to include "documents generated within the state court litigation." *Rose v. Beverly Health & Rehabilitation Servs., Inc.*, No. CV 06-0067 AWI (DLBx), 2006 WL 2067060, at *5 (E.D. Cal. July 22, 2006). It has been found to include, among other documents, unverified discovery responses, *Torres v. Utility Tree Servs., Inc.*, No. CV 16-3424, 2017 WL 30561, at *4 (N.D. Cal. Jan. 3, 2017); informal correspondence among counsel, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); a Case Management Statement, *Olonzo v. Wells Fargo Bank, N.A.*, No. CV. 09-6611 PSG (RCx), 2010 WL 330245, at *3 (C.D. Cal. Jan. 21, 2010); and a plaintiff's deposition, *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988).

Courts strictly construe the removal statute against removal jurisdiction. *See, e.g.*, *Provicial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034 (citation omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Although a district court lacks the authority to remand a case *sua sponte* for procedural defects, *Corona-Contreras v. Gruel*, 957 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), the court may remand upon a timely motion to remand, *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s . . . time limitation absent a timely filed motion to remand.").

III. Discussion

To avoid remand, Defendant offers three reasons why the Court should not use February 7, 2017—the date when Defendant received Plaintiff's unverified discovery responses—as the date when Defendant first had notice of the case's removability. First, Defendant contends that the amount in controversy was "uncertain" before Plaintiff verified her discovery responses because Plaintiff had made inconsistent representations about the amount in controversy. *Opp.* 2:22–3:10, 3:18–24. Second, Defendant asserts that unverified responses are the equivalent to "no response" for discovery purposes under California and federal law, and should be treated as "no response" for removal purposes as well. *Id.* 4:1–5:16. And, third, Defendant argues that an unverified discovery response is not an "other paper" as contemplated by 28 U.S.C. § 1446(b)(3). *Id.* 5:28–8:22. The Court finds each argument unavailing and GRANTS Plaintiff's motion to remand.

Defendant's first argument lacks merit because Plaintiff's representations about the amount in controversy were not "uncertain" before Plaintiff verified the discovery responses. By filing a Case Management Statement for a "nonexempt unlimited case" and not checking the box for mandatory arbitration, Plaintiff indicated that the amount in controversy exceeded $50,000. Similarly, in indicating Plaintiff's willingness to stipulate to an amount in controversy of less than $75,000, Plaintiff in no way suggested that the amount in controversy might be any less than $75,000. Indeed, Plaintiff would not have needed Defendant's stipulation at all had the amount in controversy been any less than $75,000. Defendant appears to admit as much as early as March 29, 2017, when defense counsel sent an email to Plaintiff's counsel acknowledging

that "the discovery responses indicate the amount in controversy may meet the jurisdictional minimum . . . ." *Khachoyan Decl.*, Ex. 8. In light of these facts, the Court is unconvinced that the amount in controversy was "uncertain" before Plaintiff verified the discovery responses.

Defendant's second argument is equally unavailing because, even if an unverified response is "no response[] at all" for evidentiary purposes, an unverified response can provide notice of the removability of a case. The cases relied on by Defendant to show that an unverified response is not a response, *see Opp.* 4:8–5:16, have limited application here and do not militate a contrary finding. For example, in *Appleton v. Superior Court*, the court was trying to determine whether to sanction counsel for failing to verify discovery responses and whether the responses could be admitted at trial by motion of one of the parties. *See* 206 Cal. App. 3d 632, 636 (1988). The proposition noted by the *Appleton* court that unverified discovery responses are "tantamount to no responses at all" was in reference to whether the responses could be admissible at trial and not related to section 1446(b) notice for purposes of removal to federal court. *See id.* Because Defendant cites to *Appleton* and other cases out of context, and Ninth Circuit authority indicates that a document need not be "admissible" for it to provide notice under § 1446(b), *Babasa*, 498 F.3d at 974–95, the Court is unconvinced by Defendant's arguments. *Accord Torres*, 2017 WL 30561, at *3 ("[E]videntiary rules do not control what constitutes section 1446(b) notice for purposes of removal to federal court." (citing *Babasa*, 498 F.3d at 974–95)).

Finally, the Court rejects Defendant's third argument that an unverified discovery response is not an "other paper" under § 1446(b)(3). Ninth Circuit courts have found that unverified discovery responses and other informal communications qualify as "other paper[s]," *see Torres*, 2017 WL 30561, at *4 (unverified discovery response); *Babasa*, 498 F.3d at 975 (informal email among counsel), and Defendant cannot distinguish these cases. In *Torres*, for example, Judge Freeman found that unverified discovery responses are an "other paper" under § 1446 that "can trigger the clock for removal." *Id.* at *3. Defendant argues that *Torres* is distinguishable because (1) there is no evidence in this case that Defendant read Plaintiff's unverified discovery responses, (2) there were "conflicting communications" here about the amount in controversy, and (3) *Torres* involved Class Action Fairness Act ("CAFA") jurisdiction while this case asserts diversity under § 1332(a). *See Opp.* 8:7–17. The Court has already rejected the second argument. It similarly rejects the first, not only because there *is* evidence that Defendant read the responses, *see Khachoyan Decl.*, Ex. 8, but also because proving that the defendant actually read the "other paper" has never been required under § 1446(b)(3), *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Moreover, it is unclear to the Court why the basis for jurisdiction—whether CAFA or § 1332(a)—would make any difference for the timing of removal. The Court therefore finds that

the February 7, 2017 discovery response here is an "other paper," and that Defendant's removal is untimely.

IV.     Conclusion

For the reasons above, the Court GRANTS Plaintiff's motion to remand because Defendant's notice of removal was not timely. The federal case is closed and the case is remanded to the state court from whence it was removed.

**IT IS SO ORDERED**.